**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LEXICON HOSPITALITY, LLC | ) | CASE NO. 25-21734-jrs |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MICHAEL ROSEBERRY, W.K., AND J.T., | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| LEXICON HOSPITALITY, LLC | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Michael Roseberry, W.K., and J.T. (collectively, the "Movants")[1] file this *Motion for Relief from the Automatic Stay* (the "Motion")[2] pursuant to Section 362(d) of Title 11 of the United States Code *et seq.* (the "Bankruptcy Code"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of this Court, and other applicable law. Movants seek a Court order modifying the automatic stay for the limited purpose of allowing them

---

[1]    W.K. and J.T. were sex trafficked when they were minors. Their identities are confidential and subject to a protective order in the Non-Bankruptcy Action (defined below).

[2]    Substantially similar motions seeking relief from the automatic stay are being filed in these bankruptcy cases pending in this Court: (i) Lexicon Hospitality, LLC (Case No. 25-21734-jrs), (ii) Lexicon Hospitality Investments, LLC (Case No. 25-21736-jrs), (iii) Studio 6 Delk Road, LLC (Case No. 25-21739-jrs), and (iv) Travel Lodge Old National, LLC (Case No. 25-21740-jrs). Those debtors are all either defendants in the Non-Bankruptcy Action (defined below) or certain other civil actions filed by other sex-trafficking survivors.

to pursue their non-bankruptcy claims in the Non-Bankruptcy Action (defined below) so that they

may recover from available liability insurance coverage.

## INTRODUCTION

1.      Movants were victims of sex trafficking at the Motel (defined below), which was

owned, operated, maintained, controlled, and/or managed by Lexicon Hospitality, LLC ("Debtor")

and certain third parties.  Movants may be entitled to proceeds of a liability insurance policy or

policies and seek relief from the automatic stay for the limited purpose of continuing litigation

against Debtor and to recover from those policies.  Although Movants intend to obtain a judgment

against Debtor, Movants will only seek to recover from Debtor's available insurance proceeds, and

Movants will not seek or obtain any recovery from Debtor absent a change in circumstances and

without seeking further modification of the automatic stay from this Court.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 &

157(b)(2)(G).

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      Movants are entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 105,

362, 524, and 541, and the Bankruptcy Rules.

## FACTUAL BACKGROUND

6.      On December 3, 2025, Debtor filed a voluntary petition for relief under Chapter 7

of the Bankruptcy Code with the United States Bankruptcy Court for the Northen District of

Georgia, Gainesville Division (the "Petition Date"), which initiated this bankruptcy case

(the "Bankruptcy Case").

AGG\4907-7863-2841.v1-1/26/26

7.      On the Petition Date, Bradley J. Patten was appointed interim trustee in the Bankruptcy Case ("Trustee").

8.      At all material times, Debtor owned, operated, maintained, controlled, and/or managed, a Motel 6 located at 2360 Delk Road, Marietta, Georgia 30067 (the "Motel").

9.      Prior to the Petition Date, Movants were sex trafficked at the Motel causing them severe emotional and physical injuries (the "Incidents").

10.     Debtor holds one or more commercial general liability insurance policies and excess or umbrella policies (the "Insurance Policies") that cover the time period of the Incidents.

11.     Movants seek relief from the automatic stay to continue a civil action against Debtor and certain other defendants pending in the United States District Court for the Northen District of Georgia, Atlanta Division (Case No. 1:25-cv-01062-LMM) (the "Non-Bankruptcy Action").  If the Court modifies the automatic stay, Movants will seek a judgment against Debtor to recover from the Insurance Policies only.

12.     In the Non-Bankruptcy Action, Movants have alleged, among other things,  that Debtor's actions or inactions have caused them to suffer severe injuries for which they are entitled to recover damages from Debtor under both federal and state law.

13.     Debtor's Insurance Policies provide at least $2 million in insurance coverage (and likely millions more) that may be available to pay a judgment in Movants' favor in the Non-Bankruptcy Action.

14.     At the Section 341 Meeting of Creditors in the Bankruptcy Case (which has been continued until January 29, 2026), a representative of Debtor testified that Debtor has no assets and no creditors other than tort claimants.

AGG\4907-7863-2841.v1-1/26/26

## RELIEF REQUESTED

15.     The Bankruptcy Code provides that upon request of a party in interest, and after notice and a hearing, the Court shall grant relief from the stay for "cause." *See* 11 U.S.C. §362(d)(1). Whether "cause" exists to grant stay relief is left to the Court's sound discretion on a case-by-case basis after "examining the totality of the circumstances." *See In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); *In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000) ("What constitutes 'cause' [under Section 362(d)(1)] is based on the totality of the circumstances in the particular case."). The courts have found "cause" for stay relief in a wide range of circumstances. *See In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013) (noting "courts evaluating whether to grant stay relief have looked to a variety of case-specific factors").

16.     The drafters of Section 362(d)(1) acknowledged that the stay should be lifted where proceedings should continue in a non-bankruptcy forum as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result." S. Rep. No. 95-989, at 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836. Allowing a matter to proceed in another forum may constitute "cause" to life an automatic stay. *See In re Robertson*, 244 B.R. at 882.

17.     While the burden to establish cause initially rests with the movant, upon the showing of a legally sufficient basis, the burden shifts to the opposing party, who must then establish that it is entitled to continuation of the protection of the automatic stay. *See* 11 U.S.C. § 362(g)(2) (stating that party opposing motion for stay relief always bears burden of proof, except on issue of debtor's equity in property); *In re Allstar Bldg. Prods., Inc.*, 834 F.2d 898, 899 (11th Cir. 1987) (en banc) ("The party opposing the motion [to lift the automatic stay] cannot

AGG\4907-7863-2841.v1-1/26/26

merely rest once the party seeking to have the stay lifted makes a prima facie showing he is entitled to relief.").

18.      The automatic stay may also be lifted under Section 362(d)(2) when the debtor does not have an equity interest in the subject property, and such property is not necessary for an effective reorganization.  This basis for stay relief includes situations where the debtor has liability insurance that covers all or part of a creditor's claim and the debtor filed for bankruptcy relief under Chapter 7 and thus is not seeking to reorganize.  *See In re D/C Distrib., LLC*, 617 B.R. 600, 615-16 (Bankr. N.D. Ill. 2020) (holding that asbestos-personal-injury claimants established "cause" under Section 362(d)(2) in Chapter 7 case where they sought to recover against debtor's insurance proceeds and debtor could not receive payment of those proceeds).

19.      It is generally agreed that the scope of the automatic stay or discharge injunction does not affect the liability of the insurer and does not prohibit proceeding against a debtor for the limited purpose to enable a tort plaintiff to establish liability.  *See In re Jet Florida Sys., Inc.*, 883 F.2d 970 (11th Cir. 1989); *Kiener Maschinenbau GmbH v. Bass*, --- F. Supp. 3d ----, 2025 WL 2674557, at *10 (N.D. Ga. Sept. 18, 2025) (affirming order lifting automatic stay to allow federal-court litigation to continue where creditor sought to recover from debtor's liability-insurance policy because all proceeds would go to creditor if creditor prevailed); *see also First Fidelity Bank v. McATeer*, 985 F.2d 114 (3rd Cir. 1993); *Green v. Welsh*, 956 F.2d 30 (2d Cir. 1992); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991).

20.      Bankruptcy courts within the Eleventh Circuit have previously considered a similar issue in *In re Scott Wetzel Servs.,* 243 B.R. 802 (Bankr. M.D. Fla. 1999).  In *Scott,* the movant sought relief from the automatic stay to pursue an action against the debtor as a nominal defendant solely to recover under his liability insurance policy.  *Id.* at 803.  The bankruptcy court held that

AGG\4907-7863-2841.v1-1/26/26

in this type of case, "the initial consideration is whether the proceeds of the [insurance policy] are

property of the [debtor's] estate." *Id.* The bankruptcy court found this to be important because if

the proceeds are not part of the estate, then the automatic stay does not extend to them, and the

movant may then proceed with his lawsuit. *Id.* at 803-04. The bankruptcy court held that a debtor

does "not have a cognizable interest in the proceeds of the typical liability policy because the

proceeds will normally be payable only for the benefit of those harmed by the debtor." *Id.* at 804.

Thus, the proceeds from the liability insurance policy "are not property of the estate because the

debtor would not have the right to keep the funds." *Id.* at 805.

21.     Further, this Court has adopted a three-part test for determining whether the stay

should be modified for "cause" to allow litigation to proceed in another forum:

> 1. whether any great prejudice to either the bankruptcy estate or the debtor will
> result from prosecution of the law-suit; 2. whether the hardship to the non-debtor
> party by continuation of the automatic stay considerably outweighs the hardship to
> the debtor; and 3. whether the creditor has a probability of success on the merits of
> his case.

*In re Robertson*, 244 B.R. at 882 (citations omitted) (granting relief from stay to allow creditor to

pursue negligence claim against debtor when claim was covered by insurance and creditor stood

to lose its claim if stay was not lifted). All three of these factors weigh heavily in favor of granting

Movants' request to modify the stay to allow the Non-Bankruptcy Action to proceed.

22.     Debtor and its bankruptcy estate will *not* suffer "great prejudice" by lifting the stay

and allowing Movants to proceed with the Non-Bankruptcy Action. *First*, Debtor has

administratively dissolved and is no longer operating as a going concern. *Second*, if Debtor is

found liable for Movants' injuries and Debtor's Insurance Policies cover some or all of Movants'

claims, Movants stipulate that any judgment they obtain against Debtor will be enforceable against

the available insurance proceeds only, without recourse to any of Debtor's other assets—which

AGG\4907-7863-2841.v1-1/26/26

Debtor says do not exist—absent obtaining further stay relief from this Court (e.g., if Debtor's

insurance carrier were to refuse to settle negligently or in bad faith). *Third*, although Debtor's

representatives may have to participate in discovery, Debtor's defense costs are being paid by

insurance, so Debtor or Debtor's bankruptcy estate will suffer little to no prejudice if the stay is

modified. Indeed, the only party that benefits if the stay is not lifted is Debtor's insurance carrier.

*Roberson*, 244 B.R. at 883 (reasoning "[Debtor] is not faced with a financial burden as a result of

the accident. Thus, the only party that stands to benefit financially if the stay is not lifted is

[insurer]."). Here, allowing the Non-Bankruptcy Action to continue will not deplete the assets of

Debtor's bankruptcy estate that would otherwise be distributed to Debtor's creditor body, and there

will not be any great prejudice to either Debtor or its bankruptcy estate from the continued

prosecution of the Non-Bankruptcy Action.

23.    In contrast, Movants will be greatly prejudiced if they are not granted relief from

the automatic stay. Without a forum in which to pursue their claims and hold Debtor liable,

Movants will be at risk of having to bear the costs of Debtor's liability. And while Debtor

disclaims having any assets to pay a judgment in favor of Movants, Debtor's Insurance Policies

provide a potential source of recovery for Movants. Absent a Court Order modifying the stay,

Movants will be stopped from pursuing some relief from this important source of recovery.

24.    Finally, Movants have a high probability of success on the merits of their federal-

and state-law claims against Debtor. Yet to prevail on their Motion, they need only show "a slight

probability of success on the merits." *See Kiener Maschinenbau GmbH*, 2025 WL 2674557, at

*9. While Debtor denies all liability, the district court in the Non-Bankruptcy Action denied

Debtor's motion to dismiss for failure to state a claim for relief. *See* Order, *Roseberry v. Studio 6*

*Delk Road, LLC*, No. 1:25-cv-1062 (N.D. Ga. Nov. 18, 2025) (May, J.). Indeed, Debtor filed for

7

bankruptcy protection only *after* that order was entered, strongly suggesting that even Debtor

knows that Movants have a likelihood of success on the merits.  Accordingly, for all the foregoing

reasons, this Court should grant Movants' request for relief from the automatic stay and allow

them to continue to prosecute their claims in the Non-Bankruptcy Action.

## RESERVATION OF RIGHTS

25.    Nothing in this Motion should be construed as a waiver of Movants' right or

entitlement to seek attorney fees, costs, punitive damages, or recourse for bad faith or negligent

failure to settle against Debtor or any insurer in relation to the Non-Bankruptcy Action.  However,

Movants will seek further stay relief from this Court to pursue any such rights or remedies against

Debtor or its insurance carrier—should the need even arise.

8

WHEREFORE, Movants respectfully request that the Court grant their Motion in its entirety and enter an Order in a form substantially similar to the attached proposed order: (i) modifying the automatic stay to authorize Movants to continue the Non-Bankruptcy Action against Debtor, with the caveat that any judgment Movants obtain against Debtor will be enforceable only against the insurance proceeds available under Debtor's Insurance Policies absent obtaining additional stay relief from this Court; and (ii) granting Movants such other and further relief as the Court deems just and proper.

Date: January 27, 2026

Respectfully submitted,

*/s/ Sean C. Kulka*
Sean C. Kulka
Georgia Bar No. 648919
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
404-873-8500
E-mail: sean.kulka@agg.com

*Attorneys for Movants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LEXICON HOSPITALITY, LLC | ) | CASE NO. 25-21734-jrs |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MICHAEL ROSEBERRY, W.K., AND J.T., | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| LEXICON HOSPITALITY, LLC | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

This matter came on for hearing on February 24, 2026 at 9:00 a.m. (the "Hearing"), on the

*Motion for Relief from Automatic Stay* [Docket No. *] (the "Motion"),[3] filed by Michael Roseberry,

---

[3]    Any capitalized term not otherwise defined in this Order shall have the meaning ascribed
to such term in the Motion.

10

W.K., and J.T. (collectively, the "Movants") creditors in the above-captioned bankruptcy case (the "Bankruptcy Case") of Lexicon Hospitality, LLC ("Debtor").  This Court, having reviewed the Motion and having considered any arguments and statements of counsel for Movants and all other parties in interest at the Hearing and based on any evidence presented or proffers made, if any, at the Hearing, **HEREBY FINDS THAT:**

(a)     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

(b)     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

(c)     Notice of the Motion and the Hearing were sufficient under the circumstances.

(d)     There will not be any great prejudice to either Debtor or its bankruptcy estate from the continued prosecution of the Non-Bankruptcy Action, Movants will be greatly prejudiced if they are not granted relief from the automatic stay to continue the Non-Bankruptcy Action, and Movants have a high probability of success on the merits of their federal- and state-law claims against Debtor in the Non-Bankruptcy Action.

Having considered the evidence presented and/or proffers made, the statements and arguments of counsel at the Hearing, and responses thereto, if any, and based on the above findings of fact, this Court is of the opinion that the Motion is meritorious and establishes sufficient grounds for the relief requested therein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**.

2.     Pursuant to subsection 362(d)(1) of the Bankruptcy Code, the automatic stay is modified to all Movants to continue and/or prosecute the Non-Bankruptcy Action and reduce any claims asserted against Debtor in the Non-Bankruptcy Action to judgment.

3.     Pursuant to subsection 362(d)(1) of the Bankruptcy Code, the automatic stay is further modified to allow Movants to seek to enforce and recover any judgment against Debtor from any insurance policies of Debtor, including the Insurance Policies.

4.     Movants will not seek to recover the amount of any judgment against Debtor that exceeds insurance coverage absent obtaining further relief from the automatic stay.

AGG\4907-7863-2841.v1-1/26/26

5.      The requirements of Rule 4001(a)(3) of the Bankruptcy Rules are waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court shall retain exclusive jurisdiction to enforce the terms of this Order.

7.      This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

END OF DOCUMENT

Prepared by:

**ARNALL GOLDEN GREGORY LLP**
*/s/ Sean C. Kulka*
Sean C. Kulka (GA Bar No. 648919)
171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
Telephone:  (404) 873-8682
Fax:  (404) 873-8683
sean.kulka@agg.com

*Attorneys for Movants*

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2026, I electronically filed the foregoing *Motion for Relief from the Automatic Stay* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| Name | Email Address |
|---|---|
| Benjamin R Keck on behalf of Debtor Lexicon Hospitality Investments LLC | bkeck@kecklegal.com |
| Bradley J. Patten | bpatten@sgwmfirm.com |
| Jonathan D Clements on behalf of Debtor Lexicon Hospitality Investments LLC | jclements@kecklegal.com |
| Office of the United States Trustee | ustpregion21.at.ecf@usdoj.gov |

I further certify that on this day I also caused a copy of the foregoing *Motion for Relief from the Automatic Stay* to be served via First Class Mail on the following parties at the address shown for each.

B.S.
563 Spring St., N.W.
Atlanta, GA 30308

City of College Park
3667 Main St.
City Hall
Atlanta, GA 30337

D.B

FCCI County Tax Commissioner
141 Pryor St., SE, #1085
Atlanta, GA 30303

G6 Hospitality, LLC et al
4001 International Parkway
Carrollton, TX 75007

J.S.
563 Spring St., N.W.
Atlanta, GA 30308

J.S.

J.T.
One Sugarloaf Centre
1960 Satellite Blvd
Suite 4000
Duluth, GA 30097

Jane Doe

Jane Doe (S.J.C.)
2900 North Loop West
Suite 1130
Houston, TX 77092

13

Gainesville Masters, LLC
2041 Kinderton Manor Dr
Duluth, GA 30097-5968

Georgia Department of Revenue
2595 Century Parkway NE
Suite 339
Atlanta, GA 30345

HIMA Enterprises, Inc.
4874 Old National Hwy.
Atlanta, GA 30337

W.K.
One Sugarloaf Centre
1960 Satellite Blvd.
Suite 4000
Duluth, GA 30097

Michael Roseberry
One Sugarloaf Centre
1960 Satellite Blvd
Suite 4000
Duluth, GA 30097

Sabbir Hahmud and Aasdel Corporation
5845 Oakbrook Pkwy., Suite J
Norcross, GA 30093

SAS Hotels, LLC
270 Peachtree Street NW
Suite 1800
Atlanta, GA 30303

Dated: January 27, 2026

Respectfully submitted,

*/s/ Sean C. Kulka*

Sean C. Kulka
Georgia Bar No. 648919
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
404-873-8500
E-mail: sean.kulka@agg.com

*Attorneys for Movants*

14