UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LEXICON HOSPITALITY, LLC, | : | CASE NO.  25 – 21734-JRS |
| | : | |
| _____ DEBTOR. _____ | : | _____ |
| | : | |
| GUY A. VAN BAALEN, | : | |
| ACTING UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| LEXICON HOSPITALITY, LLC, | : | |
| | : | |
| RESPONDENT. | : | |

**MOTION TO DISMISS CASE FOR CAUSE**

Guy A. Van Baalen, Acting United States Trustee for Region 21, moves the Court to dismiss this case for cause pursuant to Bankruptcy Code section 707(a).  In support of his motion, the United States Trustee shows as follows:

**Statement of Facts in Support of Motion**

1.      Lexicon Hospitality, LLC (the "Debtor") commenced this case on December 2, 2025 (the "Petition Date"), by filing a petition for relief under chapter 7 of the United States Bankruptcy Code.

2.      The United States Trustee appointed Bradley J. Patten ("Trustee Patten") as interim trustee in this case.

3.      In addition to its petition, Debtor filed schedules of its assets, debts, income, and expenses; and a statement of financial affairs.

4.      Prior to the Petition Date, Debtor operated a hotel but has had no revenue since 2020.

5.      Debtor shows that it has no assets in its verified schedules.

6.      Debtor discloses in its statement of financial affairs that it is a defendant in numerous pending legal actions.  Debtor's bankruptcy filing appears merely to be designed to impact those proceedings.

7.      Upon information and belief, based on Trustee Patten's evaluation of Debtor's schedules and statement of financial affairs, the bankruptcy estate has insufficient assets to administer Debtor's estate or make a meaningful distribution to Debtor's creditors.

### Citation of Authority in Support of Motion

8.      Bankruptcy Code section 707(a) provides, in pertinent part, that, after notice and a hearing, the Court may dismiss a case for cause, including unreasonable delay by the debtor that is prejudicial to creditors, nonpayment of bankruptcy fees, and failure to file certain schedules and statements required under section 521.

9.      The grounds for dismissal listed in section 707(a) are not exclusive.  *See* 11 U.S.C. § 102(3) (term "including" is not limiting).

10.      "[A] lack of good faith in filing the bankruptcy petition or . . . a failure to present a bankruptcy case implicating any of the policies underlying the chapter in which the debtor seeks protection" is cause to dismiss a case.  *In re American Telecom Corp.*, 304 B.R. 867, 869 (Bankr. N.D. Ill. 2004).

11.      The only bankruptcy policy implicated by a corporate chapter 7 case "is the fair and orderly liquidation of corporate assets to creditors, and a no-asset Chapter 7 . . . does not implicate this policy". *Id.* at 869-70.

12.     A chapter 7 case is filed for an improper purpose when "(1) a Chapter 7 bankruptcy case for Debtor serves no bankruptcy purpose, (2) all creditor claims survive the bankruptcy, (3) there is no debtor and creditor relationship to be adjusted, (4) a ``fresh start'' discharge could not be granted; and (5) Debtor's [assets] could be distributed pro rata without a bankruptcy administration." *In re Addon Corp.*, 231 B.R. 385, 390 (Bankr. N.D. Ga. 1999) (finding imposition of sanctions against Debtor's counsel warranted when a petition is filed for an improper purpose).

13.     The moving party is not required to show "that the debtor had any sort of fraudulent or malicious intent or scheme in mind when filing; 'malfeasance is not a prerequisite to bad faith.'" *In re American Telecom Corp.*, 304 B.R. at 869-70. (*citing In re Leavitt*, 209 B.R. 935, 940-41 (9th Cir. BAP 1997); *Matter of Love*, 957 F.2d 1350, 1360-61 (7th Cir. 1992)).

14.     Here, the Debtor's purpose in filing the case was to delay various pending civil proceedings in which the Debtor is a defendant.  Debtor's actions lack the good faith necessary for this case to proceed.

WHEREFORE, the United States Trustee respectfully requests the Court dismiss this case for cause pursuant to Bankruptcy Code section 707(a).

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

_____/s/_____
David S. Weidenbaum
Georgia Bar No. 745892
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4705
david.s.weidenbaum@usdoj.gov